UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| PAUL DICKERSON, Individually and | § | |
| On Behalf of All Others Similarly | § | |
| Situated, | § | COLLECTIVE ACTION COMPLAINT |
|     Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 7:19-cv-201 |
| CISCO LOGISTICS, LLC, | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Paul Dickerson ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class Members"), files this Original Complaint against Cisco Logistics, LLC ("Defendant" or "Cisco"), and respectfully shows as follows:

**I. PRELIMINARY STATEMENT**

1. Paul Dickerson previously worked as an employee of Cisco Logistics, LLC. Plaintiff Dickerson worked as a dispatcher from May of 2016 until June of 2019 and was then was switched over to a Silo Supervisor in June of 2019 until he quit in August of 2019. During his time as a Dispatcher, Supervisor and/or Manager, Plaintiff was paid a salary only for forty hours of work regardless of how many hours he actually worked. Plaintiff typically worked at least 70 hours or more per week, often seven days a week. Defendant had a company-wide policy whereby it paid its dispatchers, managers and supervisors salaries based on a forty hour week, without additional compensation for overtime pay. This resulted in Plaintiff and other workers for Defendant being denied overtime every (or almost every) week.

2.	Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3.	This collective action consists of:

> **ALL INDIVIDUALS WHO WERE: (A) EMPLOYED BY DEFENDANT OVER THE PAST THREE YEARS AS MANAGERS, SUPERVISORS AND/ OR DISPATCHERS; (B) WERE PAID A SALARY ONLY FOR FORTY HOURS A WEEK; AND (C) RECEIVED NO OVERTIME PAY AS A RESULT OF THE SALARY.[1]**

4.	For at least three years prior to the filing of this complaint, Defendant willfully committed violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5.	Plaintiff Paul Dickerson is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6.	Defendant Cisco Logistics, LLC is a Texas Corporation with its principle place of business in Cisco, Texas. Cisco may be served through its registered agent for service of process, Ladd Wilks, 17018 Interstate 20, Cisco, Texas 76437, or where found.

## III. JURISDICTION AND VENUE

7.	This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further

---

[1] Members of this proposed class will be referred to herein as "the Class Members."

conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendant because Defendant is a Texas resident and has purposefully availed itself of the benefits and protections of Texas by establishing minimum contacts with Texas. This Court's assertion of jurisdiction over Defendant. would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, much of the work performed by Plaintiff and those in the proposed class were performed in the greater Midland-Odessa area.

## IV. COVERAGE

10. At all relevant times, Defendant has acted, directly or indirectly, as an employer or joint employer with respect to Plaintiff and others similarly situated. Defendant is or was jointly responsible for all decisions related to the wages to be paid to the Class Members, the work to be performed by the Class Members, the locations of work performed by the Class Members, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

11. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiff, and others similarly situated, are or were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14. Cisco Logistics, LLC provides transportation services of specialized frac sand to hydraulic fracturing locations in the oil and gas industry. Cisco has locations in Texas and New Mexico with field offices in different parts of Texas, including Cisco, Texas. While it is unknown how many employees fall into Plaintiff's proposed class, Cisco typically has roughly fifty (50) to seventy-five (75) employees working at any given time, all or substantially all of whom were paid the same way Plaintiff was.

15. Every week, or virtually every week, that Plaintiff worked for Defendant from May of 2016 until August of 2019, Plaintiff worked more than 40 hours per week. As a dispatcher, Plaintiff did paperwork in preparation for going out and setting up the job site. Plaintiff was then promoted to Silo Supervisor in June of 2019 until he quit in August of 2019. As a Silo Supervisor, Plaintiff oversaw other drivers and conducted route surveys and met with other drivers. Plaintiff was not allowed to hire or fire individuals, but rather, only performed manual labor for Defendant.

16. During Plaintiff's time with Defendant, Plaintiff was paid a salary based on hours worked of forty hours per week, without additional compensation for hours worked above forty in a week. While Plaintiff has not had the opportunity to conduct discovery, he estimates that he averaged working at least 70 hours per week while employed by Defendant, and on information and belief other similarly situated employees worked similar hours.

17. No exemption excuses Defendant from paying Plaintiff and other similarly situated Class Members overtime rates under the FLSA. None of the job duties performed by Plaintiff and the Class Members meet the executive exemption requirements, as these workers spent a significant amount of time performing manual labor, often performing the same tasks as those who were classified as non-exempt. The Class Members also made less than workers who were classified as non-exempt and were paid hourly plus overtime.

18. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

19. Despite Plaintiff and other Class Members routinely working over 40 hours per week, Defendant failed to pay them an overtime premium of one-and-one-half times their regular rate of all hours worked in excess of 40 per workweek.

20. Plaintiff and other Class Members are entitled to receive overtime pay at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

21. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other, similarly situated workers.

24. Plaintiff brings these claims on behalf of all current and former Class Members.

25. Defendant's compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

26. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or the Class Members.

27. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

28. Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those

similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

29. Plaintiff requests that Defendant identify all prospective members of the proposed class of Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

30. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

31. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

32. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSES OF ACTION - VIOLATIONS OF THE FLSA

33. The foregoing allegations are incorporated herein by reference.

34. Plaintiff and others similarly situated are or were exempt employees of Defendant but are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek because the primary job duties were not managerial and/or exempt, and largely consisted of nonexempt work.

35. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

36. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

37. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. DESIGNATION OF EXPERT WITNESS

38. Plaintiff designates the following individual as an expert witness in this case:

Josh Borsellino
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412

As permitted under the FLSA, Plaintiff seeks attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Defendant be required to answer and appear, and that on a final hearing, Plaintiff and other members of the collective action be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which he, and others similarly situated, may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
TX Bar No. 24045532
Morgan Scott
TX Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com
morgan@oilfieldovertime.com