UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| PAUL DICKERSON, Individually and On Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>vs.<br><br>CISCO LOGISTICS, LLC,<br>    Defendant. | §§§§§§§§§§ CIVIL ACTION NO. 7:19-cv-201-DC-RCG |

**PLAINTIFFS' MOTION TO COMPEL, AND FOR ATTORNEY'S FEES**

Plaintiffs Paul Dickerson and Richard Charles, individually and on behalf of all others similarly situated, ("Plaintiffs") file this Motion to Compel, and for Attorney's Fees against Defendant Cisco Logistics, LLC ("Defendant"), and would respectfully show as follows:

**I. OVERVIEW**

Plaintiffs served their first set of discovery to Defendant on December 4, 2019 seeking basic information and documents pertaining to the allegations in Plaintiff's Original Complaint. Defendant objected to most of the interrogatories and requests for production using boilerplate objections stating that the requests were overbroad and exceeded the limit of 25 interrogatories. But Plaintiffs only sent 8 interrogatories and 10 requests for production. Defendant's objections should be overruled and Defendant should be ordered to fully and completely respond to Plaintiffs' Interrogatory Nos. 5, 6, 7, and 8 and Request for Production Nos. 4 and 5 within five (5) business days following entry of an order granting this Motion. Plaintiffs further seek to have their attorney's fees covered in drafting and filing this motion.

## II. FACTUAL AND PROCEDURAL HISTORY

This case was filed on August 21, 2019 as a collective action complaint alleging unpaid overtime violations under the Fair Labor Standards Act ("FLSA"). The lawsuit sought to have the case proceed as a collective action consisting of:

> ALL INDIVIDUALS WHO WERE: (A) EMPLOYED BY DEFENDANT OVER THE PAST THREE YEARS AS MANAGERS, SUPERVISORS AND/ OR DISPATCHERS; (B) WERE PAID A SALARY ONLY FOR FORTY HOURS A WEEK; AND (C) RECEIVED NO OVERTIME PAY AS A RESULT OF THE SALARY.

One person opted-into the lawsuit and on November 6, 2019, Plaintiff filed a FLSA consent of Richard Charles.

Defendant filed its answer on November 1, 2019. Plaintiff served its initial disclosures on November 8, 2019 and its First Set of Discovery to Defendant's counsel via e-mail on December 4, 2020. Defendant served its objections and responses on January 3, 2020. In its initial objections, Defendant claimed that it had never consented to be served electronically, and thus it was under no obligation to respond to any of Plaintiff's discovery.[1] Ironically, Defendant waited 30 days after service of the discovery (thus acting as though it had been validly served) to make this objection. Given Defendant's technical service objection, Plaintiffs re-served the discovery via certified mail, and Defendant asserted additional objections and responses on February 17, 2020.[2] The current discovery deadline is September 1, 2020 and the dispositive motion deadline is October 1, 2020. Trial is set for February 1, 2021.

---

[1] *See* Exhibit 1.

[2] *See* Exhibit 2.

### III. ARGUMENT AND AUTHORITIES

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, Plaintiffs move to compel Defendant to produce documents responsive to Plaintiff's First Set of Discovery. A court may compel a party to answer interrogatories and respond to requests for production if the party has failed to answer the interrogatories or produce the requested materials. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). A party may move for an order compelling disclosure of certain information or responses to certain discovery requests, provided that the motion to compel "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A party may move to compel deposition answers, corporate designations, interrogatory answers, and production or inspection of documents. Fed. R. Civ. P. 37(a)(3)(B). In determining whether a party has failed to answer or produce, a court should treat evasive or incomplete answers or disclosures as failures. Fed. R. Civ. P. 37(a)(4).

Moreover, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) should be read broadly, and "has been interpreted to entitle parties to discovery of any matter that bears on any issue in the case in the absence of privilege." *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir. 1989). Generally, "unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

Additionally, an objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection" and "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34. Rule 34(b) "is structured in this way so that, in combination with [Rule 26(g)(1)], both the requesting party and the court may be assured that all responsive, non-privileged materials are being produced, except to the extent a valid objection has been made." *Evans v. United Fire & Cas. Ins. Co.,* No. 06–6783, 2007 WL 2323363, at *2 (E.D.La. Aug. 9, 2007). Defendant's responses do not attempt to meet this standard and "thus violate the letter and spirit or Rule 26(g)." *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014). By failing to provide reasonable specificity in its objections, Defendant has left Plaintiffs "guessing and wondering as to the scope of the documents or information that will be provided as responsive will be." *Id*. at 487.

Therefore, Plaintiffs request that the Court overrule Defendant's objections and order Defendant to supplement their responses with substantive documents and information.

**A. Interrogatories**

Plaintiffs Dickerson and Charles served 8 Interrogatories to Defendant on December 4, 2019. Defendant served its objections and responses on January 3, 2020 and additional objections and responses on February 17, 2020. Plaintiffs sought, among other things, information pertaining to Plaintiffs' classification under any exemption of the FLSA including how and when Plaintiffs were paid while working for Defendant. Defendant objected to all the

interrogatories with boilerplate objections. Below is a general objection Defendant stated to the discovery responses: Plaintiffs' Interrogatory No. 6 stated "To the extent You paid either Plaintiff additional compensation for working more than 40 hours in a week, explain how You calculated such overtime pay for such Plaintiff." Defendant objected saying:

> "given (a) definitions; (b) instructions; (c) the preceding interrogatories; and (d) the subparts of each of the foregoing, the interrogatory exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a). *See, e.g., U.S. ex rel Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 14-15 (D. D.C. 2006) (if a responding party answers interrogatories in excess of the 25-interrogatory limit, he waives objections based on excess interrogators; *Allahverdit v. Regents of Univ. of N.M.*, 228 F.R.D. 696, 698 (D. N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be[en] propounded should object to all interrogatories or file a motion for a protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond."); C*apacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998) (finding a party waived excess interrogatory objection when it responded to interrogatory nos. 21-25 when order was in place limiting the number of interrogatories to twenty; 7 Moore's *Federal Practice* 33.30(1) (in the absence of a protective order, the responding party's best course of adequately preserving its objections to supernumerary interrogatories is to answer up to the numerical limit and object to the remainder without answering)."

This lawsuit seeks to recover unpaid overtime and this interrogatory is directly on point with such allegations. Interrogatory No. 6 asks a very basic question - does Defendant contend that it paid any overtime to Plaintiffs or not?  Plaintiffs are entitled to know Defendant's contentions on this issue.  Plaintiffs are entitled to seek discovery on this topic and it is reasonably calculated to lead to the discovery of relevant information. Plaintiffs would be unduly burdened if they are not given the requested discovery as the information they seek is covered under the Federal Rules. Defendant's objections to this interrogatory are baseless and should be overruled.

Plaintiffs also seek to compel Defendant to answer - fully and completely, without objection - Interrogatory Nos. 7 and 8, which focused on affirmative defenses Defendant specially pled in its answer. These interrogatories asked for the following information:

> **INTERROGATORY NO. 7**
> With respect to Your affirmative defense Letter A as set forth in Your Original Answer, explain in detail the factual and legal basis for Your contention that "Plaintiff is not entitled to the relief he seeks because he was at all times an exempt employee under 29 U.S.C. § 213(a)(1)."
>
> **INTERROGATORY NO. 8**
> With respect to Your affirmative defense Letter B as set forth in Your Original Answer, explain in detail the factual and legal basis for Your contention that "Plaintiff's claim for liquidated damages is barred, in whole or in part, by Defendant's good faith under 29 U.S.C. § 260."

These are basic, essentials contention interrogatories. Yet, Defendant asserted a number of boilerplate objections, asserting that Interrogatory No. 7 was "overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation." *See* Exhibit 2 at Response to Interrogatory No. 7. It is most certainly not - it is based on specific defenses pled by Defendant. A party is always allowed to seek the basis for the other party's contentions, especially those the other party puts at issue by pleading them in its answer. Fed. R. Civ. P. 33(a)(2) specifically allows for contention interrogatories and provides that an interrogatory "may relate to any matter that may be inquired into under Fed. R. Civ. P. 26(b)." As the First Circuit has recognized:

> "Contention interrogatories...serve an important purpose in helping to discover facts supporting the theories of the parties. Answers to contention interrogatories also serve

to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation."

*Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1277 (Fed. Cir. 2012). *See also* Ill. *Union Ins. Co. v. La. Health Serv. and Indemnity Co.*, Civ. A. No. 16-6604, 2017 WL 2955355, at *2 (E.D. La. Apr. 13, 2017). ("a contention interrogatory seeking a description of the `factual basis' [not privileged communications or work product] [is] precisely the sort contemplated by Fed. R. Civ. P. 33(a)(2)" and is not protected work product). Defendant should be ordered to respond to Interrogatory Nos. 7 and 8 without objection.

Additionally, for Interrogatory No. 5, Defendant asserted that certain documents are privileged and thus, have failed to produce privilege logs on the ground that the documents are "not reasonably calculated to lead to the discovery of admissible evidence." *See* Exhibit 2 at Response to Interrogatory No. 5. However the documents at issue are relevant to this ligation. To the extent that any such documents are allegedly privileged, Defendants must produce a log with sufficient specificity "to enable [Plaintiffs] to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A)(ii). Thus, Defendant cannot avoid this obligation based on their erroneous claim that the documents in question are not relevant. Plaintiffs request that Defendant be compelled to answer Interrogatory No. 5 without objection. In all, Plaintiffs seek to compel Defendant to answer, fully and completely without objections, Interrogatories Nos. 5, 6, 7, and 8.

**B. Requests for Production**

Plaintiffs served 10 Requests for Production to Defendant on December 4, 2019. Defendant served its objections and responses on January 3, 2020 and additional objections and responses on February 17, 2020. Request for Production 4 asked for "All communications,

including but not limited to e-mails and text messages, between Plaintiffs and Defendant, including but not limited to those related to (a) Plaintiffs' work schedule; (b) Plaintiffs' assignments; (c) the location of Plaintiffs' work; and (d) any compensation to be paid to Plaintiffs." Defendant objected stating:

> First, Defendant adopts the Objections Applicable to Each Request. Second, the request:
> a. Is on its face overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs their likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation, Fed. R. Civ. P. 26(b)(2)(iii);
> b. Fails to describe with reasonable particularity the items or categories of items requested. Fed. R. Civ. P. 34(b); and
> c. Is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

In Request for Production No. 5, Plaintiffs sought: "All documents reflecting any policies or procedures applicable to Plaintiffs." Defendant asserted the same objections as it lodged to RFP No. 4.

These two requests seek relevant information in this case - Defendant asserts that Plaintiffs are exempt under one or more of the three "white collar" exemptions set forth under 29 U.S.C. § 213(a)(1).[3] Plaintiffs are entitled to see the communications between Plaintiffs and Defendant related to their work schedules, assignments, the job locations and how they were compensated. Plaintiffs are also entitled to know what policies and procedures were applicable to them. Such information is relevant on the exemption defense asserted by Defendant. Defendant has failed to produce relevant documents that would reasonably lead to the production of discoverable information. Defendant has objected using general, bald assertions and

---

[3] *See* Doc. No. 7, page 4, Affirmative Defense A "Plaintiff is not entitled to the relief he seeks because he was at all times an exempt employee under 29 U.S.C. § 213(a)(1)."

objections, which are evasive under the Federal Rules. Plaintiffs seek to compel Defendant to answer the Requests for Production Nos. 4 and 5.

### C. Attorney's Fees

Plaintiffs also seek to have their attorney's fees incurred in drafting this motion be granted. Rule 37 requires the Court to consider whether to impose the attorney's fees of bringing the instant motion. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted...the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Plaintiffs seek their attorney's fees in drafting this Motion. The attorney's fees in drafting this document total approximately six (6) hours, four by Morgan Scott and two by Josh Borsellino. At a lodestar rate of $250/hour for associate Morgan Scott, and a lodestar rate of $400/hour for Josh Borsellino, Plaintiffs seek attorney's fees totaling $1,800.

### IV. CONCLUSION

For these reasons, Defendant's objections should be overruled and Defendant should be ordered to fully and completely respond to Plaintiffs' Interrogatory Nos. 5, 6, 7, and 8 and Request for Production Nos. 4 and 5 within five (5) business days following entry of an order granting this Motion.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.

1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 20, 2020, I sent John Ross the following e-mail:
> John, I received Cisco's objections and responses to Plaintiffs' discovery - please let me know when you are available to discuss. I am free tomorrow afternoon or anytime Monday.  Thanks.
> —Josh[4]

No response was ever received to this email.  Five days later, on February 25, 2020, I again attempted to confer with Mr. Ross, sending another e-mail stating:
> John, Let me know when you have time to talk about this case this week.  Thanks.
> —Josh[5]

Defendant's counsel never responded to these messages, despite multiple efforts to reach him over a nearly two-week period. As such, despite Plaintiffs' counsel's good faith effort to resolve this dispute, and Defendant's failure to respond, this Motion is presented to the Court as opposed.
/s/ Josh Borsellino

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record through the ECF filing system of the Western District of Texas on March 4, 2020.

/s/ Josh Borsellino

---

[4] *See* Exhibit 3.

[5] *See* Exhibit 4.